IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDDIE CAMACHO,

                Petitioner,

v.

L.C. WARD,

                Respondent.

OPINION & ORDER

15-cv-388-jdp

---

      Petitioner Freddie Camacho is in the custody of the federal Bureau of Prisons (BOP) at the Federal Correctional Institution in Oxford, Wisconsin. Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1998 conviction in the Southern District of Texas for kidnapping. Petitioner contends that recent Supreme Court precedent renders his sentence unlawful because a jury did not find the facts that petitioner's sentencing judge used to increase his sentence.

      Petitioner has paid the filing fee and the petition is before the court for preliminary review under Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts, which is applicable to § 2241 cases through Rule 1(b).[1] After conducting this review, I conclude that petitioner cannot proceed with his claims under § 2241.

---

[1] Petitioner has also filed a motion to supplement his petition with a document explaining that the Sentencing Commission has amended sentencing guideline § 1B1.3 (Relevant Conduct (Factors that Determine the Guideline Range)) to "set out more clearly the three-step analysis the court applies in determining whether a defendant is accountable for the conduct of others in a jointly undertaken criminal activity under § 1B1.3(a)(1)(B)." *See* United States Sentencing Commission, Amendments to the Sentencing Guidelines, April 30, 2015, at 1, available at http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20150430_RF_Amendments.pdf (last visited Sept. 4, 2016). I will grant petitioner's motion and accept this filing because it adds more detail to his claims. But it raises no independent claim for relief based on the amendment to the guidelines; such a request for modification of sentence must be raised in the sentencing court via motion under

FACTS

The following facts are taken from the petition and available online court records. In 1998, a jury convicted petitioner of kidnapping, in violation of 18 U.S.C. § 1201(a). That statute includes a provision stating that someone committing that offense "shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment." Section 1201(a). I take petitioner to be saying that although the kidnapping victim was ultimately killed by one of the kidnappers, the jury did not specifically find that petitioner caused the death of the victim. But the district court sentenced petitioner under U.S.S.G. § 2A4.1(c), which cross-referenced the sentencing guideline for murder. The district court sentenced Camacho to life imprisonment and to five years of supervised release.

Petitioner's direct appeal was denied, as was a § 2255 motion decided in 2004.

ANALYSIS

Petitioner contends that his life sentence was unconstitutional because the determination that his actions resulted in the death of the victim was made by the judge rather than proven to and decided by the jury, contrary to *Burrage v. United States*, 134 S. Ct. 881, 887 (2014). I take petitioner to be saying that his sentence violated two principles from *Burrage*. First, the *Burrage* Court concluded that the "death . . . results from" enhancement in the Controlled Substances Act must be presented to the jury and proven beyond a reasonable doubt because it increases the minimum and maximum penalties to which a drug dealer is exposed. 134 S. Ct. at 887 (citing *Alleyne v. United States*, 133 S.Ct. 2151, 2162-63 (2013);

---

18 U.S.C. § 3582(c)(2).

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Second, the phrase "death . . . results from" in the Controlled Substances Act means "but for" causation in the sense that the drug at issue must be independently sufficient to have caused the death, rather than just be a "contributing factor" to the death. *Burrage*, 134 S. Ct. at 887-88.

Taken together, petitioner contends that his sentence violates *Burrage* because the jury was not asked to determine whether petitioner's actions caused the death of the victim, and that the jury would have had to find "but-for" causation.

To collaterally attack a sentence, federal prisoners must ordinarily file a petition under § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). But a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Seventh Circuit has established three conditions that must be present for the "inadequate or ineffective" exception to apply. First, the petitioner must be relying on a statutory-interpretation case—rather than on a constitutional case—because § 2255 offers relief to prisoners who rely on constitutional cases. Second, the petitioner must be relying on a retroactive decision that he could not have invoked in his first § 2255 motion. Third, the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 970 (2015); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

The first issue, whether the jury, and not the judge, should have made the determination that petitioner caused the death of the victim, is not a concept newly articulated in *Burrage*. *Burrage* merely concluded that principles articulated in *Alleyne* and *Apprendi*, applied to "death . . . results from" enhancement language in the Controlled

3

Substances Act. But *Alleyne* and *Apprendi* have never been ruled to be retroactive, and so these principles cannot be used to justify petitioner bringing a § 2241 petition. *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015) (neither *Apprendi* nor *Alleyne* applies retroactively."), *cert. denied*, 136 S. Ct. 424 (2015); *United States v. Martin*, 564 Fed. Appx. 850, 851 (7th Cir. 2014) ("decisions in the *Apprendi* sequence do not apply retroactively"). Petitioner cannot bring this claim in his § 2241 petition.

The retroactivity problem does not doom petitioner's second issue, that the causation question would have to be resolved under a "but-for" standard. As petitioner shows, there is at least the possibility that the but-for rule in *Burrage* would be considered retroactive. *See e.g.*, *Perrone v. United States*, No. 09-CR-30016-DRH, 2016 WL 2910004, at *3 (S.D. Ill. May 19, 2016) ("the government concedes that *Burrage* is substantive in nature and is retroactive"); *but see Stewart v. United States*, 89 F. Supp. 3d 993, 996 (E.D. Wis. 2015) (*Burrage* not retroactive); *Taylor v. Cross*, No. 14-CV-304-DRH, 2014 WL 1256371, at *3 (S.D. Ill. Mar. 26, 2014) (same). But even if *Burrage* were applied retroactively, it does not seem to apply to the facts of petitioner's case. *Burrage* concerned a type of crime, providing the victim with a drug that caused his death, where the true cause of death can be extremely murky, particularly where the victim ingested more than one drug. Here, the question was simple: whether the kidnappers killed the victim. Petitioner does not argue that more than one factor contributed to the death of the victim. The application of the but-for causation standard would not help petitioner.

Rather, from his supplemental brief, petitioner argues that the district judge violated *Burrage* by unconstitutionally applying sentencing guideline § 1B1.3(a)(1)(B) in considering the victim's death a "foreseeable" event of petitioner and his associates' joint criminal

4

activity. But application of this guideline is completely unrelated to *Burrage*, and petitioner does not raise any other statutory-interpretation case that could retroactively apply to this issue. As stated above, *supra* note 1, any challenge regarding an amended guideline itself would have to be raised to the sentencing court in a motion under 18 U.S.C. § 3582(c)(2). Because petitioner raises no claims that could entitle him to relief under § 2241, I will dismiss this case.

ORDER

IT IS ORDERED that:

1. Petitioner Freddie Camacho's motion to supplement his petition, Dkt. 3, is GRANTED.

2. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

3. The clerk of court is directed to close this case.

Entered September 12, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge